UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X
DANIEL MARCHESANI, on behalf of himself and all others similarly situated, :
: 1:22-cv-1242 (MAD/CFH)
Plaintiffs, : Case No. 22 Civ. ____
- against - :
:
AB CAR RENTAL SERVICES, INC. d/b/a Avis Budget Group, : CLASS AND COLLECTIVE ACTION COMPLAINT
:
Defendant. :
------------------------------------------------------------------------ X

Plaintiff Daniel Marchesani ("Plaintiff"), on behalf of himself and all other similarly situated employees, brings this lawsuit against Defendant AB Car Rental Services, Inc. d/b/a Avis Budget Group ("Defendant") and alleges as follows for this Complaint:

## INTRODUCTION

1. Plaintiff was employed by Defendant as a "Manual Worker" as defined by New York Labor Law ("NYLL") § 190(4), having worked for Defendant in New York as Mechanical Technician.

2. Defendant paid Plaintiff and other manual workers employed in New York on a biweekly basis.

3. As a result, Defendant violated the requirement that manual workers be paid within seven days after the end of the workweek in accordance with NYLL § 191(1)(a), and the requirement that employees "be paid on the regular pay day" under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*, (*see* 29 C.F.R. § 778.106).

4. As a result, Defendant violated the requirement that manual workers be paid on a weekly basis in accordance with NYLL § 191(1)(a).

5. Plaintiff brings the First and Second Causes of Action under the FLSA § 216(b) and NYLL § 198, respectively, for damages, liquidated damages, and interest, arising from Defendant's violations of the FLSA and NYLL § 191.

6. Because Plaintiff and his co-workers are similarly situated and the statute of limitations is continuing to run against them until they file a consent to join in this action, Plaintiff, seeks certification of this matter as a collective action and leave to notify the "FLSA Collective," defined as follows:

> All employees working in the State of New York for Defendant as Manual Workers, at any time from August 19, 2019 to the date of judgment in this action.

7. Because the harm suffered by Plaintiff and his co-workers was widespread, Plaintiff brings this case as a class action and will seek certification under Federal Rule of Civil Procedure 23 ("Rule 23") for the following "Class":

> All current and former employees of Defendant working as Manual Workers throughout the State of New York during the time period from August 19, 2016 the date of judgment in this action.

## JURISDICTION & VENUE

8. Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, *et seq.*, 28 U.S.C. § 1331, and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

9. This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

10. This action properly lies in the Northern District of New York, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to these claims occurred in this judicial district.

## THE PARTIES

*Plaintiff*

11. Plaintiff is a resident of Albany County, New York.

12. Plaintiff worked for Defendant in Colonie, New York from about October 2019 to January 2020.

13. Plaintiff worked as a Mechanical Technician.

14. At all times relevant, Plaintiff was an "employee" as defined by 29 U.S.C. § 203(e)(1).

15. At all times relevant, Plaintiff was an "employee" as defined by NYLL §§ 190(2), 651(5).

16. Most of Plaintiff's time was spent performing physical labor. That is, Plaintiff's duties included repairing vehicles.

17. At all times relevant to the Complaint, Plaintiff was a "manual worker" within the meaning of NYLL § 190(4).

18. Plaintiff's primary duties as a Mechanical Technician were non-clerical, non-managerial, and not related to sales.

19. As a result, Plaintiff was a "Manual Worker" as per NYLL § 190(4).

20. Plaintiff was entitled to payment of his wages withing seven calendar days after the end of the workweek, as per NYLL § 191(1)(a).

21. Throughout his employment, however, Defendant paid Plaintiff every two weeks.

22. For example, on January 3, 2020, Defendant paid Plaintiff for work performed from December 14, 2019 through December 27, 2019. The first week of this payment cycle, ended on December 21, 2019. He was paid 13 days after December 21, 2019.

*AB Car Rental Services, Inc.*

23. Upon information and belief, Defendant is a Delaware corporation with its principal place of business in Parsippany, New Jersey.

24. At all times hereinafter mentioned, Defendant was and still is an "employer" within the meaning of 29 U.S.C. § 203(d), and N.Y. Lab. Law §§ 190(3), 651(6).

25. At all times hereinafter mentioned, the activities of Defendant constituted an "enterprise" within the meaning of 29 U.S.C. §§ 203(r)-(s).

26. Upon information and belief, Defendant maintains control, oversight, and direction over its operations and employment practices.

27. At all times hereinafter mentioned, Defendant employed employees, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of 29 U.S.C. §§ 203(b), (g), (i), (j), (r) & (s).

28. Defendant's annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## THE FLSA COLLECTIVE ACTION

29. Plaintiff seeks to proceed as a collective action with regards to the First Cause of Action, pursuant to 29 U.S.C. § 216(b) on behalf of himself and the FLSA Collective.

30. At any given time, Defendant employs over 200 individuals who were employed as "Manual Workers," including in the job tiles of Mechanical Technician, Mechanics, Car Detailers, Cleaners, Operations Managers, Technicians, Oil and Tire Changers, Fleet Drivers, Transporters, Drivers, Courtesy Bus Drivers, Vehicle Service Attendants, Car Specialists, Journeymen, Journeywomen, and Gate Agents.

31. As a result, upon information and belief, there are approximately more than 200 current and former similarly situated employees in the FLSA Collective.

32. Plaintiff seeks to represent other employees and are acting on behalf of Defendant's current and former employees' interests as well as his own interests in bringing this action.

33. The FLSA Collective is readily identifiable and locatable through Defendant's records. The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

34. Plaintiff brings this action on this action on his behalf and as a class action, pursuant Rule 23(a) and (b), on behalf of the Class.

35. The persons in the Class are so numerous that joinder of all members is impracticable. Although, the precise number of such persons is unknown, and facts on which the calculation of that number can be based are presently within the sole control of Defendant.

36. Upon information and belief, the size of the Class exceeds 200.

37. This case is properly maintainable as a class action under Rule 23(b)(3). There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members of Class, including but not limited to:

   a. whether Defendant failed to pay timely wages to Plaintiff and the Class in violation of and within the meaning of the N.Y. Lab. Law § 191(1)(a);

   b. whether Defendant acted in good faith when failing to pay Plaintiff and the Class timely; and

   c. the nature and extent of class-wide injury and the measure of damages for those injuries.

38. Plaintiff will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class.

39. Plaintiff is represented by attorneys who are experienced and competent in both class litigation and employment litigation.

40. Plaintiff and the Class have been equally affected by Defendant's failure to pay proper wages. Moreover, members of the Class still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

41. Defendant acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

42. Plaintiff's claims are typical of those of the Class. Plaintiff and the Class were subjected to Defendant's policies, practices, programs, procedures, protocols and plans alleged herein concerning the failure to pay timely wages.

43. Plaintiff's job duties and manner of payment are typical of those of the Class.

44. That is, Plaintiff and the Class were manual workers. They spent over 25% of their working time on physical labor.

45. Plaintiff and the Class were paid every other week.

46. Defendant applied their biweekly payment policy to the Class uniformly.

47. Plaintiff is informed, believe, and thereon alleges that Defendant's unlawful conduct has been widespread, repeated, and consistent as to the Class Members and throughout Defendant's operations in New York.

48. Plaintiff and the Class were uniformly deprived of the time value of their earned wages during periods in which payment was illegally delayed.

49. Plaintiff and the Class were uniformly deprived of the ability to use – i.e., spend, invest, or save – their earned wages during periods in which payment was illegally delayed.

50. Plaintiff and the Class lost the opportunity to grow such untimely-paid wages through investment or otherwise benefit financially, including by paying down debts earlier.

51. Defendant, however, benefited from the delayed payments. That is, among other things, Defendant reduced its administrative costs by paying less frequently than required and use the extra money they were holding onto as they pleased until payroll was cut.

52. Plaintiff and the Class were denied wages amount to at least the minimum wage times their hours worked for the duration of the illegal delay.

53. Plaintiff and the Class were denied their federally mandated overtime wages for the duration of the illegal delay.

54. Defendant was able to pay all minimum wages and overtime wages due on a weekly basis.

55. Defendant was able to and did pay Plaintiff and the Class all minimum wages and overtime wages due within the statutorily required period as it relates to the second workweek of each pay period, but refused to do so for the first workweek.

56. Defendant did not possess a good faith basis for deciding to pay and thereafter continuing to pay their employees' wages biweekly.

57. The State of New York has required certain businesses to pay their manual workers on a weekly basis since the 19th Century. *See* N.Y. Session Law 1890, Ch. 388 § 1 ("Every manufacturing . . . company shall pay weekly, each and every employee engaged in its business, the wages earned by such employee to within six days of the date of such payment . . . ."); N.Y. Session Law 1897, Ch. 415 §§ 2, 10 ("Every corporation . . shall pay weekly to each employe [sic] the wages earned by him to a day not more than six days prior to the date of such payment.").

7

58. A reasonable employer inquiring into the wage payment rules of New York would know that manual workers are to be paid each week given that, for example, the rules are listed on the Department of Labor's Frequency Asked Quests flyer regarding the Wage Theft Prevention Act (https://dol.ny.gov/system/files/documents/2021/03/wage-theft-prevention-act-frequently-asked-questions_0.pdf) and many legal, human resource, and employment blogs brought attention to this issue following the First Department's 2019 decision in *Vega v. CM & Assocs. Constr. Mgmt. LLC*, 175 A.D.3d 1144 (1st Dept. 2019).

59. Upon information and belief, Defendant did not qualify for the exemption from the NYLL's weekly payment requirement.

60. Upon information and belief, Defendant did not apply for the exemption.

61. The New York State Department of Labor has not authorized Defendant to pay its employees on a biweekly basis.

62. Upon information and belief, Defendant did not: (a) inquire into whether its biweekly payroll practice complies with the NYLL; (b) take requisite steps to ensure that Plaintiff and Class Members were paid as per the timely pay requirements of the NYLL; and (c) conduct any study or audit of its compensation practices to ensure that Plaintiff and the Class Members were paid in compliance with the NYLL's timely payment requirements.

63. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual Plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The Class has been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the Class are not *de minimis*,

such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

## FIRST CAUSE OF ACTION
### FLSA – Failure to Pay Timely Wages
### (On behalf of Plaintiff and the FLSA Collective)

64. Plaintiff incorporates by reference all preceding allegations.

65. Plaintiff and members of the FLSA Collective are current and former employees entitled to on-time payment of their statutorily required wages after the workweek ends. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945).

66. Defendant, however, withheld Plaintiff and the FLSA Collective's federally mandated wages for about 6 days after the conclusion of the workweek.

67. This delay was pursuant to a companywide policy and practice to pay Defendant's employees on a biweekly basis.

68. Such a delay is inherently unreasonable, as Defendant was required by New York law to pay Plaintiff and the FLSA Collective within seven days after the end of the workweek.

69. Defendant failed to make a good faith effort to comply with the FLSA with respect to compensating Plaintiff and the FLSA Collective.

70. Defendant had the means to pay Plaintiff and the FLSA Collective within one week of the end of the workweek but chose not to.

71. Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

72. As a consequence of the willful delay of wages, alleged above, Plaintiff and the FLSA Collective incurred damages and seek to recover interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## NYLL – Untimely Payment of Wages
## (On behalf of Plaintiff and the Class)

73. Plaintiff incorporates by reference all preceding allegations.

74. Defendant failed to pay Plaintiff and the Class within seven days after the end of each workweek as required by NYLL § 191(1)(a).

75. Defendant has not received authorization under NYLL § 191(1)(a)(ii) from the Commissioner of Labor to pay its employees less frequently than once per week.

76. Defendant does not possess a good faith basis for believing that its delayed payment of wages complied with the law.

77. Due to Defendant's violations of NYLL § 191(1)(a), Plaintiff and the Class are owed liquidated damages amounting to the value of any late-paid wages during the six years prior to the filing of this complaint, interest, and reasonable attorneys' fees and costs pursuant to NYLL § 198.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. Leave to give notice to the FLSA Collective that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Certification of this case as a Class Action under Rule 23;

C. Appointment of Plaintiff as Class Representative;

D. Appointment of Shavitz Law Group, P.A. as Class Counsel;

E. Liquidated damages;

    F.       Attorney's fees and costs of the action;

    G.       Pre-judgment interest and post-judgment interest as provided by law;

    H.       A declaratory judgment that the practices complained of are unlawful; and

    I.       Such other injunctive and equitable relief as this Court shall deem just and proper.

Dated: New York, New York
       November 21, 2022

                          Respectfully submitted,

                          By:_____
                          Michael J. Palitz
                          **SHAVITZ LAW GROUP, P.A.**
                          447 Madison Avenue, 6th Floor
                          New York, New York 10022
                          Telephone: (800) 616-4000
                          Facsimile: (561) 447-8831
                          mpalitz@shavitzlaw.com

                          Gregg I. Shavitz*
                          **SHAVITZ LAW GROUP, P.A.**
                          951 Yamato Road, Suite 285
                          Boca Raton, Florida 33431
                          Telephone: (561) 447-8888
                          Facsimile: (561) 447-8831
                          gshavitz@shavitzlaw.com

                          *\*to apply for admission pro hac vice*

                          *Attorneys for Plaintiff and*
                          *the Putative Class and Collective Action*